# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 06-CR-336

GABRIEL URBINA, et. al.,

        Defendants.

## ORDER REGARDING DEFENDANTS' REQUESTS FOR EVIDENTIARY HEARINGS

      This case was initiated by way of a criminal complaint on November 29, 2006 wherein seventeen persons were charged with conspiracy to distribute more than five kilograms of cocaine in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2. On December 14, 2006, the grand jury returned a sixteen count indictment alleging that the twenty-four defendants violated various provisions of Title 21. The case was designated as complex, and on January 17, 2007, this court ordered that a discovery coordinating committee be created to facilitate the dissemination of discovery between the government and defense counsel. On February 22, 2007, this court ordered all pre-trial motions for which a defendant does not request an evidentiary hearing to be filed no later than June 1, 2007, and all other pretrial motions to be filed no later than August 1, 2007. On July 31, 2007, this court issued an order resolving the defendants' non-evidentiary motions. A trial date has not yet been set by the Honorable Lynn Adelman.

In accordance with this court's pretrial order, Brijido Aguilera filed a motion to suppress. (Docket No. 278.) Leonardo Urbina filed a motion to suppress Title III evidence. (Docket No. 286.) Jose R. Quinonez filed a motion to suppress Title III evidence. (Docket No. 284.) Miguel A. Valdez filed a motion to suppress cell phone contents (Docket No. 281.) Sean D. Kruschke filed a motion to suppress his statement. (Docket No. 277.) Jonathan David Colla filed a motion to suppress evidence as the result of an unlawful arrest. (Docket No. 279.)

Only Miguel A. Valdez, (Docket No. 281), Sean D. Kruschke, (Docket No. 277), and Jonathan David Colla, (Docket No. 279), have requested evidentiary hearings.

The court agrees that evidentiary hearings are necessary to resolve Miguel A. Valdez, (Docket No. 281), and Sean D. Kruschke's, (Docket No. 277) motions. Therefore, the court shall grant these requests for evidentiary hearings.

The government agrees that an evidentiary hearing is necessary regarding Sean D. Kruschke's motion to suppress. (See Docket No. 293 at 3.) As for Miguel A. Valdez's motion, although the defendant states that most of the issues will be undisputed and he fails to identify any issues that will be disputed, the court nonetheless believes that an evidentiary hearing is appropriate. Miguel A. Valdez seeks to suppress information obtained from his cell phone, which the police seized incident to his arrest and later searched without a warrant. It is unclear what period of time elapsed from Miguel A. Valdez's arrest to the search of the cell phone. Both parties cite United States v. Finley, 477 F.3d 250 (5th Cir. 2007), a case in which the Fifth Circuit held that a search of a defendant's cell phone while he was still undergoing the administrative booking procedure was nonetheless "incident to his arrest" and therefore permissible under the Fourth Amendment. The defendant also cites United States v. Ortiz, 84 F.3d 977 (7th Cir. 1996), wherein the Seventh Circuit found that a law enforcement officer did not violate the Fourth Amendment when he recovered phone numbers from a pager that was seized incident to arrest. The Seventh

Circuit held that this search was justified, in part, because phone numbers may have been easily lost from the pager's memory either by additional calls coming in or by touching the wrong button on the pager and "[t]hus, it is imperative that law enforcement officers have the authority to immediately 'search' or retrieve, incident to a valid arrest, information from a pager in order to prevent its destruction as evidence." Id. at 984. Based upon these cases, the timing of the search is a significant consideration in determining the lawfulness of the search. Since the parties do not indicate precisely when the search of the defendant's cell phone occurred, the court finds it necessary to conduct an evidentiary hearing to ascertain this critical fact. Further, the court has not been presented with any case wherein the Seventh Circuit has squarely addressed the issue presented in the defendant's motion. Although seemingly well-settled in many other circuits, the apparent novelty of this precise issue within this circuit is an additional reason why this court believes it is necessary to fully develop a factual record regarding the defendant's motion.

Miguel A. Valdez estimates that an evidentiary hearing regarding his motion would require roughly one hour. Sean D. Kruschke estimates that one to one-and-a-half hours would be needed for an evidentiary hearing regarding his motion to suppress. The court has previously set aside September 24, 2007 beginning at 9:00 A.M. for the commencement of any evidentiary hearings necessary in this case. (Docket No. 190.) Therefore, the hearing regarding Miguel A. Valdez's motion to suppress shall begin at 9:00 A.M. on September 24, 2007 and the hearing regarding Sean D. Kruschke's motion to suppress shall be scheduled to commence on September 24, 2007 at 10:30 A.M.

The court does not find it necessary to conduct an evidentiary hearing regarding the motion to suppress of Jonathan David Colla, (Docket No. 279). Jonathan David Colla argues in his motion that his arrest was unlawful, despite being effected pursuant to a federal arrest warrant, because the affidavit submitted in support of that arrest warrant failed to establish probable cause. To determine

3

the existence of probable cause, the court is only required to review the affidavit in support of the arrest warrant. A copy is attached as an exhibit to the defendant's motion to suppress. The defendant acknowledges this in his motion, but submits that if the court fails to find probable cause, a hearing will be necessary. The court will not anticipate the probable cause analysis, so an evidentiary hearing is not necessary at this point. The court shall deny Jonathan David Colla's request for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that Miguel A. Valdez's request for an evidentiary hearing, (Docket No. 281), is **granted**. An evidentiary hearing shall commence on **September 24, 2007** at **9:00 A.M.** in Courtroom 254 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin.

**IT IS FURTHER ORDERED** that Sean D. Kruschke's request for an evidentiary hearing (Docket No. 277), is **granted**. An evidentiary hearing shall commence on **September 24, 2007** at **10:30 A.M.** in Courtroom 254 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin.

**IT IS FURTHER ORDERED** that Jonathan David Colla's request for an evidentiary hearing, (Docket No. 279), is **denied**.

Dated at Milwaukee, Wisconsin this <u>13th</u> day of August, 2007.

s/<u>AARON E. GOOSTEIN</u>
U.S. Magistrate Judge
